IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY LAMBERT, ET AL.,<br>*Petitioner,*<br><br>versus<br><br>CITY OF HOUSTON,<br>*Respondent* | § § § § § § § § § § § | CIVIL ACTION NO. H-07-02480<br>(MAGISTRATE JUDGE<br>HON. STEPHEN SMITH) |

## PLAINTIFF'S SECOND MOTION FOR SANCTIONS AND CONTEMPT

Plaintiffs, asks the Court for Sanctions and Contempt against Respondent, City of Houston, and shows the following:

1. Plaintiffs, Billy Lambert, et al., sued Respondent, City of Houston to claim for overtime pay. Plaintiff has timely requested for production of documents containing the records of hours worked for each of the 52 Plaintiffs. Plaintiffs required such records dating back at least to 1988 to prove its claims.

2. This Court has ordered Defendant to produce all such documents by March 31, 2009, or to reach a stipulation as to the number of hours not paid by Defendant for each Plaintiff, but Defendant has failed and refused to do so. The latest documents that they produced are performance reviews and documents setting pay rates, but no documents were produced to determine the actual hours worked by Plaintiffs.

3. Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. Fed. R. Civ. P. 26(b)(1). Information is discoverable if it appears

"reasonably calculated to lead to the discovery of admissible evidence." Id.

4. Defendant has never stated that it does not have such documents.

5. The court may compel responses to discovery if a party did not respond or permit inspection under Rule 34. Fed. R. Civ. P. 37(a)(3)(B).

6. Respondent did not fully respond to request for all production number 1 through 27, specially information regarding the overtime hours worked by each Plaintiffs. Fed. R. Civ. P. 37(a)(3)(B)(iv); see R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 18-19 (1st Cir. 1991). Respondent's responses stated that inspection or production would be permitted as requested, but it has refused to inspect or produce the documents containing information sought. Fed. R. Civ. P. 37(a)(3)(B)(iv). The request is within the scope of discovery permitted by Rule 26(b). This law suit is filed to claim unpaid overtime hours worked by Plaintiffs, and the hours they have worked are not only necessary but central to the law suit.

7. SANCTIONS. This Court has ordered Defendant on at least four different occasions to produce the documents sought by Plaintiff. While Defendants stated that it has hired several employees and equipments to comply with Plaintiff's request for production, its production of documents were slow. Plaintiff requests appropriate sanctions against Respondent for intentionally refusing to produce the documents that were specifically ordered by this Court to be produced.

8. CONCLUSIONS. In a flagrant disregard for the order of this Court, Defendant has refused to produce the documents showing hours worked.

PRAYER

9. HENCE, PLAINTIFFS respectfully pray that this Court order Defendant's pleading be

stricken and order that no evidence be permitted to be presented in its defense.

10. PLAINTIFFS further pray that the discovery period be further extended to address the issues related to the same.

11. PLAINTIFFS further pray that this Court order the City Attorney and Director of the Houston Fire Department to be cited to appear and show cause why they should not be subject to the contempt of this Court, and such other relief that the Court deems just and proper.

Respectfully submitted,

AHN LAW FIRM
9930 Long Point Rd.
Houston, Texas 77055
(713)781-2322
(713)781-2542 fax

By: Kristopher K. Ahn, J.D., M.B.A.
SBN: 00785312
FBN: 17241

ATTORNEY FOR BILLY LAMBERT, ET AL.

CERTIFICATE OF SERVICE

I certify that a coy of this Motion for Sanctions and Contempt was served on Mr. Tim Higley, in accordance with Federal Rules of Civil Procedure and by fax transmission at: (713)247-4667, March 31, 2009.

Kristopher K. Ahn